UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
IN BROWNSVILLE, TEXAS

United States District Court
Southern District of Texas
FILED

JUN 2 6 2000

Michael N. Milby
Clerk of Court

FELIX CORONEL-CARDENAS,              )
INS NO. A 36-599-075                 )
                                     )
             Petitioner,             )  CIVIL CAUSE NO: B00-058
        v.                           )
E.M. TROMINSKI,                      )
DISTRICT DIRECTOR AND JANET RENO,    )
UNITED STATES ATTORNEY GENERAL       )
             Respondents.)

## RESPONDENTS' RETURN AND BRIEF IN OPPOSITION TO PETITION FOR HABEAS CORPUS

Petitioner, Felix Coronel-Cardenas, has petitioned this Court for a writ of habeas corpus. Comes now the Respondents, E.M. Trominski, District Director of the Immigration & Naturalization Service and Hon. Janet Reno, by and through, Mervyn M. Mosbacker, United States Attorney for the Southern District of Texas, and hereby file their Return and Brief in Opposition to the Petition for Habeas Corpus and Complaint for declaratory Judgment.

### STATEMENT OF FACTS AND BACKGROUND

Coronel-Cardenas is a male native and citizen of Mexico. See Administrative Record,("A.R."), 107. He was admitted to the United States as a Lawful Permanent Resident on July 9, 1980. On April 29, 1983, he was convicted in the 197th District Court of Cameron County, Texas of Possession for possession of marijuana. See id.

As a result of the conviction, the Immigration and Naturalization Service ("INS") placed Coronel-Cardenas in deportation proceedings, charging him with deportability under section 241(a)(11) of the Immigration and Nationality Act, 8 U.S.C. §1251(a)(11)("INA" or "Act"). A.R. 184. The INS charged that Coronel-Cardenas was subject to deportation for having been convicted of a violation of any law or regulation relating the illicit possession of marijuana. Id.

Coronel-Cardenas was ordered deported by an Immigration Judge on May 18, 1987. A.R. 170. Thereafter, the Petitioner appealed the Order of Deportation to the Board of Immigration Appeals ("BIA"). A.R. 168-169. The BIA dismissed the Petitioner's appeal by a decision dated February 7, 1991. A.R. 106.

The Petitioner then submitted a Motion to Reconsider and a Stay of Deportation. A.R. 92-105. That motion was denied by the BIA by decision dated June 3, 1993. A.R. 81.

Coronel-Cardenas then filed a Motion to Reopen with the BIA asking to have his proceedings reopened to allow him to apply for Suspension of Deportation. A.R. 22. That motion was denied by the BIA on March 9, 2000. A.R. 1. Accordingly, Colonel-Cardenas filed a writ of habeas corpus in this Court.

## ISSUES PRESENTED

I. Whether the Court lacks jurisdiction over this petition for review?

2

***ASSUMING Arguendo that this Court retains jurisdiction to review this petition,*** Whether the Petitioner is eligible for Suspension of Deportation?

### I. This Court lacks jurisdiction to review Coronel-Cardenas' claim because such review is barred by Section 309(c)(4) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996("IIRIRA").

Because Petitioner's proceedings were instituted before April 1, 1997, Section 309(c)(4) of IIRIRA is the controlling statute for judicial review. Section 309(c)(4) provides the sole and exclusive procedures for review of a final order of deportation and provides for such review by way of petition in the court of appeals. See 309(c)(4)(D). Additionally Section 309(c)(4)(G) specifically provides,

There shall be no appeal permitted in the case who is inadmissible or deportable by reason of having committed a criminal offense covered in section 212(a)(2) or section 241(a)(2)(A)(iii),(B),(C) or (D) of the immigration and nationality act (as in effect of the date of the enactment of this Act), ...

The Petitioner is deportable for such a criminal offense. Petitioner has made no argument to the contrary. In fact, all of Petitioner's arguments revolve around the relief that should be afforded him from deportation.

### II. *Assuming Arguendo that this Court retains jurisdiction,* the Petitioner is ineligible for Suspension of Deportation.

In his petition, Coronel-Cardenas challenges the law relied on by the BIA in finding the Petitioner statutorily ineligible for Suspension of Deportation. The Petitioner specifically makes

3

issue over the fact that he was applying for Suspension under 8 U.S.C. Section 1254(a)(2).

Petitioner was issued an Order to Show Cause on April 17, 1987. At that moment the Petitioner's period of continuous presence ended for purposes of Suspension of Deportation. The BIA correctly concluded that continuous presence ends with the issuance of the Order to Show Cause. <u>In re Nolasco,</u> Interim Decision #3385, (BIA 1999). The Petitioner cannot now accrue eligibility while under a stay of deportation, nor could he accrue the requisite years of continuous presence while awaiting decisions on various motions. At the moment of the issuance of the Order to Show Cause, Petitioner's continuous presence for purposes of Suspension ended. <u>Id.</u>

## CONCLUSION

Based upon the foregoing, Petitioner's request for Writ of Habeas must be denied and dismissed.

Respectfully submitted,

MERVYN MOSBACKER
United States Attorney
Southern District of Texas

HEATHER PHILLIPS
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC  20044

*[signature]*
CHERI L. JONES
Special Assistant U.S. Attorney
P.O. Box 1711
Harlingen, Texas  78551
(956) 389-7051
FEDERAL BAR ID #23938
Attorneys for Respondent

Date: June 26, 2000

4

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served personally upon Lisa Brodyaga, Esquire, this 26th day of June, 2000:
Lisa Brodyaga, Esquire
17891 Landrum Park Road
San Benito, Texas 78586

CHERI L. JONES

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

No. B-00-058

| | |
|---|---|
| FELIX <u>CORONEL</u>-CARDENAS, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| vs. ) | Petition for Review |
| ) | of an Immigration Matter |
| IMMIGRATION AND NATURALIZATION ) | |
| SERVICE, ) | |
| ) | |
| Respondent. ) | |

CERTIFIED ADMINISTRATIVE RECORD

A36 599 075

ClibPDF - www.fastio.com