21

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE, TEXAS

United States District Court
Southern District of Texas
FILED

MAY 1 7 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| FELIX CORONEL-CARDENAS, ) | |
| INS NO. A 36-599-075 ) | |
| ) | |
| Petitioner, ) | CIVIL CASE NO: B00-058 |
| v. ) | |
| E.M. TROMINSKI, ) | RESPONDENTS' REPLY TO |
| DISTRICT DIRECTOR AND JOHN D. ) | PETITIONER'S POST-HEARING |
| ASHCROFT U.S. ATTORNEY GENERAL ) | MEMORANDUM |
| Respondents ) | |

On May 4, 2001, both Petitioner and Respondents filed supplemental briefing with the Court in response to the Court's oral request at the hearing held on March 20, 2001. Respondents hereby reply to certain issues in Petitioner's "Post-Hearing Memorandum."

I. **The Court Lacks Jurisdiction over Coronel's Due Process Claim as he Failed to Raise the Issue of Improper Denial of Counsel in his November 24, 1992 Motion to Reconsider to the BIA**

Contrary to Coronel's assertion, Pet. Memorandum at 14, Coronel did not raise his due process claim regarding the alleged denial of his right to counsel in his November 24, 1992 motion to reconsider to the BIA. Instead, after a recitation of background facts that included a bare mention of his prior due process claim, Coronel's motion to reconsider dealt solely with his argument that he had established eligibility for relief under former INA § 212(c). A.R. 92-104. As such, Coronel abandoned his due process claim when he failed to file a petition for

review of the BIA's February 7, 1991 decision finding that "the record [lacks] evidence of due process violations in the respondent's case." A.R. 110. Furthermore, Coronel was required to file an appeal of the BIA's decision, including the BIA's determination that he failed to demonstrate any due process violation resulting from his lack of counsel, "not later that 90 days after the date of the issuance of the final deportation order." INA § 106(a)(1), 8 U.S.C. § 1105a(a)(1) (1990). Coronel failed to do so, instead waiting to file his motion to reconsider with respect to his application for 212(c) relief over 1½ years later, on November 24, 1992. As a result, Coronel's reliance on Pierre v. INS, 932 F.2d 418 (5th Cir. 1991) is misplaced, as Coronel failed to file his motion to reconsider within the statutory period to seek judicial review of a BIA decision.

II. **Application of the Stop-Time Rule of § 1229b(d) to Applications for Suspension of Deportation Pursuant to Former § 1254(a)(2) does not Create "an Absurd Result"**

Contrary to Coronel's argument, a finding that physical presence ceased to accrue "when the OSC was served," does not contravene the clear mandate of § 1229b(d). Instead, the stop-time rule of INA § 1229b(d) may be read in harmony with IIRIRA § 309(c)(5)(A). See Respondents' May 4, 2001 Supplemental Pleading at 9-11. Furthermore, Congress may very well have intended to completely eliminate suspension of deportation pursuant to former INA § 1254(a)(2). Given Congress' clear intent to revise the

2

immigration laws and eliminate much relief for criminal aliens, Respondents' May 4, 2001 Supplemental Pleading at 8-9, this would in no way be an "absurd" result, as Petitioner claims. Id. Indeed, it would be "absurd" if the result were that criminal aliens were allowed to apply for suspension of deportation under former § 1254(a)(2), while non-criminal aliens could not under former § 1254(a)(1).

## III. Conclusion

Based upon both the foregoing and the arguments presented in Respondents' May 4, 2001 Supplemental Pleading, Petitioner's request for Writ of Habeas Corpus must be denied and dismissed.

Respectfully submitted,

MERVYN MOSBACKER
United States Attorney
Southern District of Texas
Lisa Putnam
Special Assistant U.S. Attorney
P.O. Box 1711
Harlingen, Texas 78551
(956) 389-7051

David V. Bernal
Assistant Director
Office of Immigration Litigation

HEATHER PHILLIPS
Attorney
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
(202) 616-9343

Date: May 16, 2001                    Attorneys for Respondent

3

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served by first class mail upon Lisa Brodyaga, Esquire, this 16th day of May, 2001:

Lisa Brodyaga, Esquire
17891 Landrum Park Road
San Benito, Texas 78586

HEATHER R. PHILLIPS

4