22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JAN 1 6 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| FELIX CORONEL-CARDENAS | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-058 |
| | § | |
| E.M. TROMINSKI, ET. AL, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

Felix Coronel-Cardenas (hereinafter, Mr. Coronel) is a native and citizen of Mexico who has resided continuously in the United States since his admission as a lawful permanent resident on or about July 9, 1980. His wife, three children and four of his siblings are all United States citizens. On April 29, 1983, Mr. Coronel was convicted in the 197th Judicial District Court for Cameron County, Texas for the offense of possession of marijuana which was committed on or about January 21, 1983. Mr. Coronel was given six years probation.

An Order to Show Cause (OSC) was issued alleging deportability under 8 U.S.C. former Section 1251(a)(11) for a conviction of a controlled substance violation. A hearing was held on May 18, 1987 where the Petitioner appeared *pro se*. Petitioner alleges that before the hearing commenced the immigration judge informed him that he would be eligible for relief. Petitioner states that the immigration judge told him he would be given a form to fill out and another hearing would be conducted to determine his relief. Petitioner asserts that this information led him to believe that he would be able to obtain an attorney after the initial hearing to apply for 212(c) relief. Petitioner claims that he did not knowingly waive his right to counsel when he told the immigration judge that he wanted to represent himself. The immigration judge ordered Petitioner deported to Mexico under Section 241(a)(11) of the Immigration and Nationality Act.

The decision of the immigration judge was appealed by Mr. Coronel requesting the Board of Immigration Appeals (Board or BIA) to remand his case and permit him to apply for relief

1

under former Section 212(c) of the Immigration and Nationality Act. Mr. Coronel also alleged that he did not knowingly waive his right to counsel. The Board briefly mentioned Mr. Coronel's allegations about his right to counsel but did not address the issue in detail. The Board found that the Immigration Judge did not err in failing to grant the Petitioner a continuance and that he was ineligible for 212(c) relief.

On November 24, 1992, Petitioner filed a motion to reconsider the Board's earlier decision denying Mr. Coronel's motion to reopen. The Board denied this motion on June 3, 1993 because his motion failed to establish unusual or outstanding equities for relief. Mr. Coronel filed a motion to reopen to seek suspension of deportation under 8 U.S.C. former Section 1254(a)(2). On March 9, 2000, the Board denied that motion based on Petitioner's ineligibility for relief under Section 244(a)(2) of the Immigration and Nationality Act.

On April 25, 2000, Mr. Coronel filed a writ of habeas corpus in this court stating that in cases where suspension is sought under former 8 U.S.C. Section 1254(a)(2) in conjunction with 8 U.S.C. Section 1229(d), the plain language thereof, causes the required physical presence to begin to accrue only on the date of the conviction. Petitioner states that it would be logically impossible to accrue any physical presence "immediately following" a given conviction if physical presence terminated when the offense leading to the conviction was committed. Furthermore, Petitioner seeks review of the Board's decisions of June 3, 1993 and February 7, 1991 where they found that Mr. Coronel was not eligible for 212(c) relief because he had not shown "unusual or outstanding equities." Moreover, Petitioner states that his due process rights were violated when he unknowingly waived his right to counsel. Mr. Coronel asks this Court to vacate the deportation orders of June 3, 1993 and March 9, 2000 and the case be remanded to the BIA for further proceedings on both applications for relief, to wit, under former Section 212(c) of the Immigration and Nationality Act, and for suspension of deportation under 8 U.S.C. former Section 1254(a)(2). Respondent states that the Board correctly concluded that continuous presence ends with the issuance of the Order to Show Cause and thus the writ of habeas corpus should be denied.

On July 5, 2000, Petitioner filed a motion for summary judgment alleging that the Board erred in concluding that Mr. Coronel was statutorily ineligible for relief under 8 U.S.C. former

Section 1254(a)(2). Mr. Coronel also contends that his Due Process rights were violated by the manner in which the immigration judge advised him off the record that he was eligible for relief from deportation and thus influenced him to waive his right to counsel. Petitioner states that he was substantially prejudiced by the Board's refusal to address his complaint that his right to counsel had been violated. Mr. Coronel alleges that had the case been remanded, he would have been entitled to a hearing on the merits of his applications for both 212(c) relief and suspension of deportation. Respondents, in their opposition, state that they do not accept the assertion that Petitioner unknowingly waived his right to counsel.

## JURISDICTION

This Court has jurisdiction to hear 28 U.S.C. Section 2241 writs of habeas corpus, brought by criminally deportable aliens subject to final orders of deportation, when certain circumstances are present. Petitioner has met the requirements necessary for this Court to have jurisdiction to hear his writ of habeas corpus.

## MR. CORONEL'S CAUSES OF ACTION

Mr. Coronel, in his petition for writ of habeas corpus, alleges two causes of action. The first cause of action pertains to the Board's interpretation of Petitioner's eligibility for suspension of deportation under former 8 U.S.C. Section 1254(a)(2) and former Section 212(c) of the Immigration and Nationality Act. The second cause of action refers to Mr. Coronel's due process rights allegedly violated by his unknowing waiver of counsel. This Court will only address the second cause of action because the Board has not fully addressed this issue. This alleged due process violation needs to be considered before any other issue is addressed. This court held an evidentiary hearing on March 20, 2001 where Mr. Coronel and his wife testified about the immigration proceedings on the day in question.[1]

---

[1] A transcript of the evidentiary hearing is available.

3

## DUE PROCESS RIGHT TO A FAIR HEARING

A deportation hearing is not a criminal proceeding.[2] Therefore, any right to counsel derives not from the Sixth Amendment, but from the Fifth Amendment right to a fair hearing.[3] The court in *Garcia-Guzman v. Reno*, 65 F. Supp.2d 1077, 1090, held that denial of right to counsel violates the Fifth Amendment. Pursuant to 8 C.F.R. Section 242.10 and 8 C.F.R. Section 242.16(a) an alien shall have the right to counsel in a deportation proceeding at no expense to the government and the immigration judge shall inform him of that right. The right to counsel is an important right often essential to the fundamental fairness of a hearing, meticulous care must be exercised to insure that a waiver of this right is competently and understandingly made.[4] It is the duty of the immigration judge to insure that a waiver of the right to counsel is competently and understandingly made.[5] The criteria for determining whether the right to counsel has been competently waived are identical to those employed to determine the competency of a confession.[6] Therefore, in assessing the competency of a waiver of the right to counsel, the petitioner's age, intelligence, education, and ability to comprehend must be considered.[7] A waiver of counsel has to be made knowingly, intelligently and competently.[8]

Pursuant to INA Section 240(b)(4)(A), Section 292, and 8 C.F.R. Section 240.3, and Section 292 the Petitioner has a right to counsel. This right to obtain counsel at a person's own expense is "fundamental" and a "due process" right that "must be respected in substance as well

---

[2]*Zakonaite v. Wolf*, 226 U.S. 272 (1912).

[3]*Barthold v. INS*, 517 F.2d 689 (5th Cir. 1975).

[4]*De Souza v. Barber*, 263 F.2d 470 (9th Cir.), cert. Denied 359 U.S. 989 (1959); *Bridges v. Wixon*, 326 U.S. 135 (1945).

[5]*Kovac v. INS*, 407 F. 2d 102 (9th Cir. 1969); *U.S. ex rel. Castro-Louzan v. Zimmerman*, 94 F. Supp. 22 (E.D. Pa. 1950).

[6]*Murgia-Melendrez v. INS, supra*.

[7]*Id.* FN18

[8]*Burquez v. INS*, 513 F.2d 751 (10th Cir. 1975).

as in name."[9] In *Olvera v. INS*, 504 F.2d 1372 (5th Cir. 1974), the court held that Petitioner has a right to representation by competent counsel. Moreover, the court in *Rios-Berrios v. INS*, 776 F.2d 859 (9th Cir. 1985) held that denial of a continuance to obtain counsel violates due process. However, the court in *Cobourne v. INS*, 779 F.2d 1564 (11 Cir. 1986) held that Respondent who was never advised of his right to counsel in violation of INS regulations was not denied due process because there was no substantive prejudice. *See G-N-C*, Int. Dec. 3366 (BIA 1998) (where BIA applies the "harmless error rule and rejects "inherent prejudice.")

In *Matter of Gutierrez*, 16 I&N Dec. 226 (BIA 1977), the Board decided that where petitioner's statements revealed no confusion or misunderstanding about the nature of the proceedings or of his right to be represented by counsel and there was no evidence that the petitioner lacked a clear understanding of his right to be represented, petitioner's waiver of counsel was knowingly, intelligently and competently made. However, the court in *U.S. v. Campos-Asencio*, 822 F.2d 506 (5th Cir. 1987), held that courts should indulge every reasonable presumption against waiver of counsel. *See Reyes-Palacios v. INS*, 836 F.2d 1154 (9th Cir. 1988) (Immigration Judge may not conduct deportation hearing absent a clear waiver.) In *Partible v. INS*, 600 F.2d 1094 (5th Cir. 1979), the court held that where the alien waived her right to counsel at a deportation hearing without being provided with any understanding by the immigration judge of the complexity of her dilemma and without any awareness of cogent legal arguments which could have been made on her behalf, where waiver of counsel was therefore not competently and understandingly made, and where outcome of proceeding might have been different if counsel had been present, alien was entitled to a new hearing.[10]

---

[9]*Orantes-Hernandez v. Thornburgh*, 919 F.2d 549, 554 (9th Cir. 1987).

[10]*See Montilla v. INS*, 926 F.2d 162 (2d Cir. 1991) (Denial of right where no intelligent waiver because case is complex or applicant not informed of rights.)

## ANALYSIS

After a de novo review of this case and an evidentiary hearing, this Court has determined that there is a serious question whether Petitioner received a right to a fair hearing because of his alleged unknowing waiver of counsel. In his testimony, Petitioner asserted that he relied on the advise given by the immigration judge before the hearing.[11] Both Petitioner and his wife testified that the immigration judge told them that Mr. Coronel could apply for relief.[12] They testified that they thought they could retain an attorney after the initial hearing.[13] The transcript of the hearing exemplifies the confusion of the immigration judge and Mr. Coronel. The immigration judge goes off the record when he realizes that Mr. Coronel is not eligible for relief. The immigration judge stated at the hearing, "It is my duty to advise you that you may be eligible for relief from deportation under Section 212(c).....we'll go off the record."[14] Furthermore, the confusion and shock of Mr. Coronel is evident when the immigration judge orders him deported. Mr. Coronel's reaction is one of misunderstanding and confusion. Mr. Coronel asks, "Then that means that I don't have the opportunity to ask for relief from deportation."[15]

It was the duty of the immigration judge to insure that Mr. Coronel's waiver of his right to counsel was competently and understandingly made. After a review of the transcript, it is evident that Mr. Coronel did not understand the proceedings. Amongst the criteria for assessing the competency of a waiver of the right to counsel is the ability to comprehend the proceedings. The record is not clear because the pre-hearing conversations between the immigration judge and Petitioner are not on record. Moreover, this court does not know what was said when the immigration judge went off the record when he realized that Mr. Coronel was not eligible for relief. The Board has not fully addressed the issue of Mr. Coronel's waiver of counsel. Because

---

[11]Transcript of evidentiary hearing p. 31.

[12]Transcript of evidentiary hearing p.11 and p.31.

[13]Transcript of evidentiary hearing p.14.

[14]Transcript of immigration hearing p. 177.

[15]Transcript of immigration hearing p.178.

6

of this, this court cannot make further determinations. This should be remanded to the BIA with instructions to address the issue of a fair hearing and right to counsel as required by law.

## RECOMMENDATION

For the reasons set forth above, it is the recommendation of this Report that this Court remand this case to the BIA with instructions to address the issue of right to a fair hearing and right to counsel.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas this 14th day of January, 2002.

Felix Recio
United States Magistrate Judge

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FELIX CORONEL-CARDENAS, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-058 |
| | § | |
| E.M TROMINSKI, ET. AL, | § | |
| Respondent. | § | |

## ORDER

Before the court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action. After a de novo review of the file and the pleadings filed therein, the Magistrate's Report and Recommendation is hereby ADOPTED, and this cause is hereby REMANDED to the BIA with instructions to address the issues of right to a fair hearing and right to counsel.

DONE in Brownsville, Texas on this _____ day of _____, 2002.

_____
Hilda Tagle
United States District Judge